McGARR vs. STATE.

FORGERY, FROM FULTON. Criminal Law. Indictment. Demurrer. Forgery. (Before Judge Hammond.)

Jackson, C. J.—1. A demurrer to an indictment should be in writing. The overruling of a parol demurrer will not furnish ground for a reversal. Code, §4639.

2. Where an indictment charged the defendant with forgery of a

receipt for twenty dollars, and the receipt, when produced, showed that the amount was in figures which were not clearly written, so as to render it certain what the amount was, but were written so as to disguise the act, and the appearance presented by such figures was that of a figure 2, followed by two naughts and two short vertical strokes of the pen, like two ones, the one above the other, there was no error in admitting the receipt in evidence subject to the charge thereon ; nor was there error in charging, that if there was ambiguity, the jury might determine from all the evidence whether the forger meant twenty dollars or not, and that, if there were no ambiguity and the receipt plainly were not for twenty dollars, they could not find the defendant guilty.

3. The charge in respect to reasonable doubts is unexceptionable.

4. Where an indictment alleged that the defendant forged a receipt for a peach grinder bought by one B. W. Fields from Mark W. Johnson, the same being for twenty dollars, with intent to defraud said B. W. Fields and Mark W. Johnson, and where the evidence was sufficient to show the forging of the merchant's name to the receipt, but the person who testified that he bought the peach grinder was named George Fields, this was not sufficient to render a verdict of guilty contrary to law and evidence.

(a)   The forgery in all other respects is made out, and the fact that the defendant cheated and swindled the purchaser does not change the offense of forging the name of the merchant.

Judgment affirmed.

Gray & Way ; F. H. Walker ; Henry B. Tompkins, for plaintiff in error.

C. D. Hill, solicitor general, for the state.